# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

|  |  |
|---|---|
| REGINA M. LUDOVISSY, | |
| **Plaintiff,** | **No. C09-1023** |
| vs. | **REPORT AND RECOMMENDATION** |
| **DEERE &COMPANY,** | |
| **JOHN DEERE DUBUQUE WORKS,** | |
| **Defendants.** | |

_____

This matter comes before the Court on the Motion for Sanctions (docket number 16) filed by the Defendants on January 27, 2010, and the Motion for Sanctions Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 37(b) and 41(b) (docket number 17) filed by the Defendants on February 4, 2010. Plaintiff has not filed a response to either motion, and the time for doing so has now expired.[1] Pursuant to Local Rule 7.c, the motions will be decided without oral argument.

## I. RELEVANT FACTS AND PROCEEDINGS

On May 15, 2009, Plaintiff Regina M. Ludovissy filed a Petition at Law in the Iowa District Court for Dubuque County, alleging that she was unlawfully terminated from her employment at Defendant Deere & Company due to her disability. On June 11, 2009, the action was removed to the United States District Court for the Northern District of Iowa. On June 29, 2009, Defendants filed their answer, generally denying the material allegations.

On October 19, 2009, the Court filed a Scheduling Order and Discovery Plan, establishing certain pretrial deadlines. Among other things, the Court established a February 1, 2010 deadline for completion of discovery, with dispositive motions to be filed

_____

[1] *See* Local Rules 6 and 7.e.

not later than April 5, 2010. The Court established an August 12, 2010 trial ready deadline.

On December 29, 2009, Defendants filed a Motion to Compel Initial Disclosures, Answers to Interrogatories, and Responses to Requests for Production. *See* docket number 14. Defendants alleged that Plaintiff had failed to timely respond to their first set of interrogatories and first request for production of documents.[2] While Defendants intended to depose Plaintiff, they argued that they "will not be in a position to depose Plaintiff until she provides initial disclosures, answers to interrogatories, and responses to requests for production." Defendants asked that the Court grant their motion to compel and, among other things, "enter a report and recommendation for dismissal of this action."

Plaintiff failed to respond to Defendants' motion to compel. On January 19, 2010, the Court entered an Order Compelling Discovery. *See* docket number 15. The Court ordered that "Plaintiff shall serve appropriate responses to the discovery requests not later than January 29, 2010, or be subject to appropriate sanctions upon further application by Defendants."

In their motion for sanctions filed on February 4, 2010, Defendants assert that Plaintiff has not provided her "initial disclosures, answers to interrogatories, responses to requests for production, or complete document production as the Court required in its January 19, 2010 Order." Accordingly, Defendants seek dismissal of the action with prejudice, and the imposition of reasonable expenses associated with Plaintiff's failure to comply with the Order Compelling Discovery.

In their motion for sanctions filed on January 27, 2010, Defendants seek dismissal of the action on separate grounds. Specifically, Defendants assert that Plaintiff failed to appear for her deposition, despite being properly served with notice of the deposition. As a consequence of Plaintiff's failure to appear, Defendants ask that the case be dismissed

---

[2] The discovery requests were served on October 16, 2009. Plaintiff's responses were due not later than November 16, 2009.

and that she be ordered to pay the fees and expenses associated with her failure to appear for the deposition.

As noted above, Plaintiff has filed no response to the instant motions.

## II. DISCUSSION

Defendants argue that dismissal of Plaintiff's action is an appropriate sanction for the following reasons: (1) Plaintiff dragged her feet by electing not to communicate with Defendants' counsel regarding a proposed scheduling order and discovery plan until the case was less than five days short of dismissal by operation of Local Rule; (2) Plaintiff failed to serve initial disclosures, answers to interrogatories, response to request for production, or complete document production; (3) Plaintiff failed to appear for a properly noticed deposition; and (4) Plaintiff failed to comply with this Court's Order Compelling Discovery. *See* Order Compelling Discovery (docket number 15). Defendants conclude that:

> Plaintiff's decision not to participate in the discovery process has prejudiced Defendants' ability to prepare a defense in this case and to adequately prepare for trial of this matter. Additionally, Plaintiff's conduct has unnecessarily delayed the orderly progress of this case. At this juncture, dismissal is an appropriate sanction.

*See* Defendants' Brief in Support of Motion for Sanctions (docket number 17-1) at 7.

### A. Failure to Comply with Order Compelling Discovery

Federal Rule of Civil Procedure 37(b)(2)(A) provides in pertinent part:

> **(A)** *For Not Obeying a Discovery Order.* If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> . . .
> (v) dismissing the action or proceeding in whole or in part[.] . . .

*Id*. The sanction of dismissal under Rule 37 for failure to comply with a discovery order requires: "'(1) an order compelling discovery, (2) a willful violation of that order, and

(3) prejudice to the other party.'" *Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)).

Here, the Court entered an Order Compelling Discovery on January 19, 2010, requiring Plaintiff "to serve appropriate responses to the discovery requests not later than January 29, 2010, or be subject to appropriate sanctions upon further application by Defendants." *See* docket number 15. Plaintiff did not comply with the Court's Order and has never responded to Defendants' discovery requests. By deliberately choosing to ignore Defendants' discovery requests, failing to comply with the Court's Order Compelling Discovery, and failing to participate in the discovery process in any manner, Plaintiff has prejudiced Defendants' ability to prepare a defense in this matter and adequately prepare for trial. Accordingly, the Court finds that dismissal under Rule 37 is an appropriate sanction.

## B. Failure to Appear at Deposition

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides in pertinent part:

> (1) *In General.*
> (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
> > (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition[.] . . .

*Id.* "Federal Rule of Civil Procedure 37(d) allows the district court to, among other sanctions, dismiss an action if a party 'fails to appear' for his or her deposition." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) "[N]o motion to compel is required before dismissal under Rule 37(d)." *Id.*

On January 4, 2010, Defendants properly served Plaintiff with Notice of Videotaped Deposition to be held on January 25, 2010. Plaintiff failed to appear at the deposition. Moreover, Plaintiff failed to contact or communicate with Defendants in any way that she

4

would be unable to attend the deposition. Additionally, Plaintiff filed no response to Defendants' Motion for Sanctions (docket number 16); thereby, leaving the reasons for her failure to appear at the deposition unexplained. Therefore, the Court finds that dismissal is an appropriate sanction for Plaintiff's unexplained failure to appear for her deposition.

## C. Dismissal With or Without Prejudice

Defendants request that Plaintiff's action be dismissed with prejudice. "Dismissal with prejudice is an 'extreme sanction' that should only be available for 'willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). "This drastic remedy should be 'sparingly exercised.'" *Siems*, 560 F.3d at 826 (quotation omitted). While dismissal with prejudice is a drastic remedy, the Court finds that it is appropriate due to Plaintiff's complete lack of participating in any discovery, ignoring the Court's Order Compelling Discovery, failing to appear at her deposition, and failing to respond to the instant motions.

## D. Attorney's fees and Expenses

Defendants request attorney's fees and expenses in both of their motions. Federal Rule of Civil Procedure 37(d)(3) provides in pertinent part:

> **(3) *Types of Sanctions.*** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Id.*; *see also* Fed. R. Civ. P. 37 (b)(2)(C) (same). There is no indication that Plaintiff's failure to appear at the deposition was substantially justified; nor has the Court been made aware of any circumstances which make an award of attorney's fees and expenses unjust.

Therefore, the Court finds that an award of attorney's fees and expenses associated with Plaintiff's failure to appear at her deposition in the amount of $2,759.00 is appropriate.[3]

## III. CONCLUSION

The Court concludes that dismissal of Plaintiff's Petition at Law with prejudice is the appropriate sanction for Plaintiff's failure to comply with the Court's Order Compelling Discovery, and failure to appear at her deposition. The Court further concludes that Defendants are entitled to attorney's fees and expenses in the amount of $2,759.00.

## IV. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the District Court **GRANT** the Motion for Sanctions (docket number 16) filed by the Defendants on January 27, 2010, and the Motion for Sanctions Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 37(b) and 41(b) (docket number 17) filed by the Defendants on February 4, 2010. The case should be dismissed with prejudice and Defendants should be awarded Two Thousand Seven Hundred Fifty-Nine Dollars and no cents ($2,759.00) in attorney's fees and expenses.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the District Court.

DATED this 23rd day of February, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[3] *See* Itemization of Attorney Fees and Expenses attached to Defendants' Brief in Support of Motion for Sanctions (docket number 16-1).